STATE OF RHODE ISLAND
KENT, SC

SUPERIOR COURT

RECEIVED
LEGAL FIRM
JAN 22 2007

GERALD HACKET
STEPHEN HACKETT
EDWARD J CALLERY
SHIRLEY CALLERY
Plaintiffs

v. C.A. No.: K 2006-0061

SHELL OIL, INC.

## VERIFIED COMPLAINT

**A trial by jury is demanded on all counts and issues so triable.**

## FACTS

1. Plaintiff, GERALD HACKETT, (hereinafter "HACKETT") is a resident of the City of Warwick, County of Kent, State of Rhode Island.

2. Plaintiff, STEPHEN HACKETT, is a resident of the Town of Glocester, county of Providence, State of Rhode Island.

3. Plaintiff, EDWARD J CALLERY AND SHIRLEY CALLERY, are residents of the City of Cranston, County of Providence, State of Rhode Island.

4. Defendant, SHELL OIL, INC. (hereinafter "SHELL") upon information and belief is a business incorporated in the State of Delaware, and authorized to do business in the State of Rhode Island.

5. Shell has continually leased the property since January 10, 1961 as a gas and service station from the plaintiffs or his predecessors at 908 Oak lawn Avenue, Cranston, Rhode Island.

6. At the time the parties entered into the lease agreement in 1961, the plaintiff's and their predecessors were required under paragraph 4 of the lease agreement to obtain the property licenses and permits, and construct an automobile service station in accordance with Shell's specifications which included storage tanks, lines, and lifts. Improvements to the gas storage tanks, gas lines, and lifts have been made over the years at Shells expense which was its right under section 5 of the lease.

7. On or about November 2006, HACKETT was informed that SHELL did not wish to extend the lease and that it would be removing all the items from the premises, including gas storage tanks, gas lines, canopy etc. leaving the land as a vacant lot.

8. Under the terms of the lease agreement Section 14, SHELL shall surrender the premises to HACKETT in the same condition as they were at the commencement of the lease, minus reasonable wear and tear.

9. SHELL states that under Section 14 of the lease agreement it has the right to remove any installed equipment upon the termination of the lease, which SHELL interprets to mean the removal of all installed items—including the gas tanks, gas lines, lifts, and canopy. SHELL has given HACKETT the option of agreeing to buy the current items for approximately $211,000.00 or face removal by January 19, 2007.

10. The removal if these items by Shell is a breach of this lease contract Section 14, and would cause irreparable harm to the plaintiffs, as they would be left with a vacant piece of land.

11. The amount in controversy is sufficient to confer jurisdiction on this honorable court.

WHEREFORE, the Plaintiffs request the following relief:

a. Shell be restrained and enjoined from the removal of any items of the gas station including but not limited to gas tanks, gas lines, lifts, canopy, and any other items associated with the station.

b. HACKETT be awarded a stay to the removal of any items in order to review the offer made by SHELL to determine its validity and viability and who actually owns the items.

c. Any other relief that this court deems meet and just.

GERALD HACKETT, Plaintiff

Subscribed and sworn to before me under the penalties of perjury on this 18th day of January 2007.

Notary Public
My commission expires on 01/03/09

Submitted
By Plaintiffs Attorney,

MICHAEL K. GLUCKSMAN
Attorney No: 5007
109 Airport Road
Warwick, Rhode Island 02889
Tele: (401) 738-4477
Fax: (401) 739-1012
Email: Michael@glucksmanlaw.com